STITES, Guardian, Respondent, vs. ERHART, Appellant.

*February 19—March 11, 1902.*

*Mortgages: Assumption by grantee: Recital in deed: Evidence.*

Defendant's grantor gave a purchase-money mortgage for land, it being agreed that, if the land should be platted, proportionate releases should be made of individual lots. The land was platted into sixty-four lots, of which defendant and another bought thirty-one, their deed providing that they assumed and agreed to pay one half of the mortgage. Afterwards defendant purchased from a third person an additional lot, the deed warranting against incumbrances "except that said lots are subject to a mortgage on said division, and each liable for one sixty-fourth of the amount due thereon, . . . which second party assumes and agrees to pay." Defendant paid half of the mortgage debt, and, when sued on the agreement in the second deed, claimed that the conveyance of the one lot was only the carrying out of an understanding, had at the time the land was platted, that defendant and his associate should have half of the premises, and that by the first deed they had already assumed the portion of the mortgage indebtedness described in the deed of the last lot, which had been paid. *Held*, in the absence of anything to overcome the evidentiary force of the deeds, that they supported a finding that defendant assumed and agreed to pay an additional one sixty-fourth of the mortgage debt.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

In 1891 one Michael S. Bright, as guardian, sold a tract of land by deed to one Elsroad, and received a mortgage back for about two-thirds of the purchase price, $21,500, due one half in one and the other half in two years. The mortgage provided that in case of platting into not more than sixty-six lots releases should be made of individual lots for a proportionate part of the amount due. Elsroad platted the tract into sixty-four lots, and about July 7, 1891, by warranty deed, conveyed to the defendant, *Charles A. Erhart,* and one Thompson, thirty-one lots, providing in said deed

that the grantees assumed and agreed to pay one half of said mortgage.    At about the same time he deeded sixteen lots to one Stone, who, on July 28, 1891, by warranty deed, conveyed one lot to the defendant, the deed reciting, subsequent to the warranty against incumbrances:

"Except that said lots are subject to a mortgage on the said division, and each liable for one sixty-fourth of the amount due thereon, payable in one and two years from the date of the mortgage, which second party assumes and agrees to pay."

Bright having assigned the mortgage to the plaintiff, general guardian of the same minors, the latter, in February, 1895, brought an action at law against *Erhart* and Thompson, based upon their assumption of one-half of the mortgage contained in the deed to them, and recovered judgment, which judgment was satisfied.    He also foreclosed the mortgage, upon which foreclosure the real estate sold for less than the accrued interest.    Thereafter he commenced this action against the defendant alone, setting up the mortgage indebtedness and the second deed, assuming and promising to pay one sixty-fourth thereof.    Defendant contended upon the trial that the conveyance from Stone to him of the one lot was only in completion of an understanding, had at the time when Elsroad purchased and platted, that *Erhart* and Thompson were to have half of the premises, and that Stone's deed was merely to supply an omission in the earlier deed, whereby only thirty-one, instead of thirty-two, lots had been conveyed; hence arguing that in the first deed they had already assumed, *inter alia,* the portion of the mortgage indebtedness described in the deed of the last lot, and had paid it in the settlement of the judgment first taken.    Defendant also made some contention for an express agreement at the time of settling that judgment that the amount then paid should be received in full satisfaction of all the personal liability of either the defendant or Thompson for any part of the mortgage debt.    The trial court found against the defend-

ant, and rendered judgment in favor of the plaintiff for one sixty-fourth of the amount found due upon the mortgage debt, from which the defendant appeals.

For the appellant the cause was submitted on the brief of *Titus & McIntosh,* and for the respondent on that of *W. D. Dwyer* and *Michael S. Bright.*

DODGE, J.    There are but two questions presented upon this appeal, both mainly questions of fact.    The first one is what share of the mortgage indebtedness defendant assumed; second, whether it has been paid.

Upon the first of these questions two solemnly executed warranty deeds, accepted, the one by *Erhart* and Thompson, the other by *Erhart* alone, are the strongest and most cogent evidence.    By the first of these, which did not convey the lot covered by the second, the parties unambiguously assumed and agreed to pay one half of the mortgage.    That deed is not preserved in the bill of exceptions, but evidence is given of the substance of it, whereby this assumption of one half of the mortgage debt is not shown to have any relation whatever to the application of one sixty-fourth of the mortgage debt to each lot, but is clear and explicit that in purchasing the thirty-one lots they agreed to pay one half of that debt. By the other deed, coming from a different person, and running to defendant alone, he agrees to pay the one sixty-fourth of the mortgage indebtedness for which that particular lot was liable.    We can find nothing in the record to overcome the obvious significance of these deeds.    It does not appear that the first did not correctly express the contract between the parties, and, even if there were evidence to that effect, the deed itself would be cogent evidence to the contrary, and might well support a finding.    Neither is there any evidence that the lot conveyed by the second deed was intended to have been conveyed in the first; merely that the second deed was

made to complete the purpose of an equal division. From this it by no means follows that an additional assumption of one sixty-fourth of the mortgage debt was not deemed necessary and agreed upon. We know nothing of the relative value of the lots. Suffice it to repeat, however, that no evidence so overcomes the evidentiary force of these deeds as to warrant us in repudiating the finding of the court that by the acceptance of the last deed defendant did assume and agree to pay an additional one sixty-fourth of the mortgage debt.

As to whether, in paying an agreed sum in satisfaction and cancellation of the judgment recovered upon the first deed, there was any agreement that thereby should be settled and satisfied all claims against the defendant and Thompson for any personal liability assumed upon the mortgage, there is conflict of evidence, but we agree with the court that the preponderance thereof is against the contention, and his finding to that effect must stand.

*By the Court.*—Judgment affirmed.